**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

SUBHASH MANCHANDA,                                     Civil Action No:

               Plaintiff,                           Plaintiff Demands
                                                        A Jury Trial

     -against-

                                                        **COMPLAINT**

HSBC TECHNOLOGY & SERVICES (USA) INC.
BRYAN   ROWE;   JACQUES   HERMAN;   and
WILLIAM L. KUHN,

              Defendants.

-------------------------------------------------------------------X

Plaintiff, Subhash Manchanda (hereinafter referred to as "Plaintiff" or "Manchanda"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant HSBC TECHNOLOGY & SERVICES (USA) INC.; Defendant BRYAN ROWE; Defendant JACQUES HERMAN; and Defendant WILLIAM L. KUHN (collectively referred to as "Defendants"), upon information and belief as follows:

## NATURE OF CASE

1. Plaintiff Manchanda, complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, race

discrimination, age discrimination, hostile work environment, retaliation, and wrongful termination by his employers.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADEA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, the Court has supplemental jurisdiction under the State and City laws.

4. On or about April 27, 2018, Plaintiff submitted a Charge with the Equal Employment Opportunity Commission ("EEOC").

5. On or about August 17, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff is an individual sixty-three (63) year-old man who is a resident of the State of New Jersey, Burlington County.

9. At all times material, Defendant HSBC TECHNOLOGY & SERVICES (USA) INC. (hereinafter referred to as "HSBC") is foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

10. At all times material, HSBC is a financial services company that offers information and data processing services for HSBC Bank.

11. At all times material, Defendant Bryan Rowe (hereinafter referred to as "Rowe") was and is the Deputy Head of Regulatory Liaison Office ("RLO") at HSBC. Rowe held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. Rowe held the power to hire and fire Plaintiff.

12. At all times material, Defendant Jacques Herman (hereinafter referred to as "Herman") was and is the Head of RLO at HSBC. Herman held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. Herman held the power to hire and fire Plaintiff.

13. At all times material, Defendant William L. Kuhn (hereinafter referred to as "Kuhn") was and is the Senior Vice President and Deputy General Counsel at HSBC.

## FACTUAL ALLEGATIONS

14. On or about July 22, 2013, Defendants hired Plaintiff as part of HSBC's Compliance Monitoring and Testing (CMAT) team at their New York location.

15. In or around 2015, Plaintiff was transferred to the Regulatory Liaison Office (RLO) team dedicated to facilitating a strong and positive relationship with HSBC's regulators.

16. The RLO team is significantly younger than the CMAT team where Plaintiff had previously worked. In fact, the next oldest employee, was nearly twenty years Plaintiff's junior.

17. As soon as Plaintiff began working with the RLO team, Plaintiff became the subject of regular and highly offensive comments regarding his race and age.

18. Specifically, Defendant HSBC Employees Bryan Rowe, Brittany Hart, Daniel Bernstein, Rhodora Centeno, and Kelly McCord isolated Plaintiff at work and

complained that it was hard to communicate with Plaintiff due to his Asian accent and old age.

19. During Plaintiff's 2015 performance review, Defendant HSBC's Deputy Head of RLO Rowe discussed Plaintiff's alleged communication issues stemming from his Asian accent and old age.

20. After his performance review, Plaintiff contacted Paul Meier, an accent and dialect coach, to confirm that Plaintiff did not have a communication issue. Plaintiff forwarded Mr. Meier's findings regarding Plaintiff's lack of a communication issue to Defendant HSBC's Deputy Head of RLO Rowe.

21. Throughout 2016, Defendant HSBC Employees Bryan Rowe, Brittany Hart, Daniel Bernstein, Rhodora Centeno, and Kelly McCord continued isolating and making fun of Plaintiff due to his race and age.

22. During Plaintiff's 2016 performance review, Defendant HSBC's Deputy Head of RLO Rowe told Plaintiff that Plaintiff was "at retirement age" and that his father was also the same age.

23. Throughout 2017, Defendant HSBC Employees Bryan Rowe, Brittany Hart, Daniel Bernstein, Rhodora Centeno, and Kelly McCord kept falsely accusing Plaintiff of arriving late, taking extended lunch breaks, and sleeping during office hours.

24. In response to these complaints, Defendant HSBC's Deputy Head of RLO Rowe ridiculed Plaintiff by claiming that at Plaintiff's age, "it is not surprising that one will relax and doze off at times."

25. In or around February of 2018, Defendant HSBC's Deputy Head of RLO Rowe issued Plaintiff a Performance Improvement Plan ("PIP").

26. Plaintiff complained to Rowe that he felt that the PIP was based on race and age discrimination. Plaintiff also submitted a detailed rebuttal factually explaining why the issues raised in the PIP were incorrect. However, Defendants took no reasonable or immediate action to help combat the hostile work environment.

27. Thereafter, Plaintiff complained to Defendant HSBC's Head of RLO Jacques Herman, that Rowe was lying and discriminating against Plaintiff due to his race and age. Accordingly, Plaintiff requested that his immediate supervisor be changed.

28. Initially, Defendant HSBC's Head of RLO Herman agreed to switch Plaintiff's immediate supervisor. However, Defendant HSBC's Deputy Head of RLO Rowe convinced Herman that he should remain in charge of managing Plaintiff.

29. On or about February 9, 2018, Plaintiff escalated the issue and further complained to Defendant HSBC's Senior Vice President and Deputy General Counsel William L. Kuhn.

30. However, Defendant HSBC's Senior Vice President and Deputy General Counsel Kuhn refused to address Plaintiff's complaints of race and age discrimination. Instead of exercising his authority to change Plaintiff's direct manager as requested, Kuhn simply told Plaintiff to complain to Human Resources.

31. On or about February 21, 2018, Plaintiff complained to Defendant HSBC's Human Resources Manager Esa Street. At that meeting, Plaintiff explained that he had been discriminated against due to his race and age since 2015.

32. Plaintiff appealed to Defendant HSBC's Human Resources Manager Street to change his immediate supervisor to someone that would no longer continue discriminating against him.

33. Defendant HSBC's Human Resources Manager Street told Plaintiff that she could not do much and that she "would have to talk to [Rowe] and [Herman]."

34. After Plaintiff met with Human Resources, Defendant HSBC's Employees Rowe and Herman began a campaign of continually harassing Plaintiff about his performance, despite the fact that Plaintiff had no genuine performance issues.

35. On or about March 28, 2018, Defendants terminated Plaintiff because of his race and age, and in retaliation for Plaintiff having complained of race and age discrimination.

36. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

38. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to his professional reputation.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendants' conduct has been calculated, malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

41. Plaintiff hereby demands reinstatement to his original position.

42. The above are just some of the examples of unlawful, discriminatory, and retaliatory

conduct to which Defendants subjected Plaintiff.

43. Defendants' conduct constitutes a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violation doctrine.

### AS A FIRST CAUSE OF ACTION
### DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

44. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

45. Title VII states in relevant part as follows:

"(a) Employer practices:

It shall be an unlawful employment practice for an employer:

(1)  to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

46.  This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

47.  Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's race.

48. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

49. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

52. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**
**(Not Against Individual Defendants)**

53. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

54. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

55. Throughout the course of Plaintiff's employment with Defendants, on numerous occasions Defendants made frequent discriminatory comments and remarks regarding Plaintiff Manchanda's age. Plaintiff Manchanda reported these incidents. However, Defendants never took any corrective or preventive action.

56. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**
**(Not Against Individual Defendants)**

57. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

58. The Age Discrimination in Employment Act of 1967, 29. U.S.C. 623 (d) provides in pertinent part that: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

59. Defendants engaged in an unlawful discriminatory practice by unlawfully terminating, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

60. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

61. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

62. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff as set forth herein.

63. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296 including race and age.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

64. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful discriminatory practice by unlawfully terminating, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SEVENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW

67. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

68. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions and otherwise discriminating against the Plaintiff as set forth herein.

## AS A NINTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise

discriminate against any person because such person has opposed any practices forbidden under this chapter…."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A TENTH CAUSE OF ACTION FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

77. The New York City Administrative Code Title 8, §8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

78. Defendants violated the section cited herein as set forth.

## AS AN ELEVENTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

79. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

80. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

### AS A TWELTH CAUSE OF ACTION FOR EMPLOYER LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

82. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

83. The New York City Administrative Code Title 8, §8-107(13): "Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to prevent

such discriminatory conduct."

84. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

85. As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer the loss of a career and the loss of a salary, health insurance

costs, medical bills for himself, bonuses, benefits and other compensation which such

employment entails, and out-of-pocket medical expenses. Plaintiff has also suffered

future pecuniary losses, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has

further experienced severe emotional and physical distress.


**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and

severally, in an amount to be determined at the time of trial plus interest, punitive damages,

attorneys' fees, costs, and disbursements of action; and for such other relief as the Court

deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated:  New York, New York
       September 5, 2018

                            DEREK SMITH LAW GROUP, PLLC
                            Attorneys for Plaintiff

                By:             /s/ Daniel Altaras
                            Daniel Altaras, Esq.
                            One Penn Plaza, Suite 4905
                            New York, New York 10119
                            (212) 587-0760